DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/21/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELLIOT PORCO & CONSTRUCTION
DIRECTIONS, LLC,

                Plaintiffs,

-against-

PHOENIX BUILDING CORP., PHOENIX
BUILDING CORP. SOUTHEAST, PHOENIX
HOLDING GROUP, LLC, PORT ST. LUCIE
DEVELOPMENT GROUP, LLC, as well as ABC
CORPORATIONS, fictitious corporations or entities
whose identities are unknown, THOMAS DIORIO,
FRANK DEBOISE, CRAIG GREENE, as well as
XYZ JOHN DOES, fictional defendants whose
identities are not unknown,
                Defendants.

18 cv 5938 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

Plaintiffs Elliot Porco ("Porco") and Construction Directions, LLC ("Construction Directions") (collectively, "Plaintiffs") filed the instant Complaint on July 3, 2018. (ECF No. 9.) The Complaint alleges that Defendants engaged in wire fraud as predicate acts and racketeering activities in violation of 18 U.S.C. 1961 and 18 U.S.C. 1343. Plaintiff also raises common law conversion, fraud, breach of contract, and negligence claims.

Before the Court is Defendant Frank Debose's[1] Motion to Dismiss the action against him for lack of personal jurisdiction. For the following reasons, Defendant's Motion is DENIED.

---

[1] The Court notes that Defendant Frank DeBose's name is occasionally misspelled "DeBoise" in Plaintiff's filings and on the docket. Throughout this motion, the Court will utilize Defendant DeBose's correct name spelling.

## BACKGROUND

The following facts, taken from the Complaint, are deemed true for the purpose of the instant motion. This case is a complex commercial action that seeks damages and equitable relief arising out of violations of the Racketeering Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961, and Wire Fraud Statute, 18 U.S.C. 1343, as well as common law conversion, fraud, breach of contract, and negligence. Plaintiffs were allegedly defrauded by the Defendants, who together, conspired to nefariously solicit investments from them by creating compelling background stories and fictional real estate development offerings. Defendant Frank Debose ("DeBose") participated in the fraudulent activity and conspired with Defendants DiOrio and Craig Green by, *inter alia*, soliciting investments directly from Plaintiffs in furtherance of the fraudulent scheme.

Plaintiff Construction Directions, LLC maintains its principal place of business in New York, where Plaintiff Porco is also domiciled. Plaintiff's have chosen to sue Defendants in New York, where they argue, many of the activities that give rise to this action took place, and where Defendant's purposeful solicitations occurred. Plaintiffs seek to subject DeBose to personal jurisdiction in New York State. De Bose opposes.

## LEGAL STANDARDS

**Local Civil Rule 7.1**

Local Rule 7.1 sets requirements for submitting dispositive motions to the Southern District of New York. It provides:

> Local Civil Rule 7.1. Motion Papers (a) Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all motions shall include the following motion papers: (1) *A notice of motion*, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion; (2) *A memorandum of law*, setting forth the cases and other

authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and (3) *Supporting affidavits and exhibits* thereto containing any factual information and portions of the record necessary for the decision of the motion. (b) Except for letter-motions as permitted by Local Rule 7.l(d) or as otherwise permitted by the Court, all oppositions and replies with respect to motions shall comply with Local Civil Rule 7.l(a)(2) and (3) above, and an opposing party who seeks relief that goes beyond the denial of the motion shall comply as well with Local Civil Rule 7.l(a)(l) above...[2]

**Federal Rule of Civil Procedure 12(b)(6)**

Under Rule 12(b)(6), the inquiry for motions to dismiss is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation,'" or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Id*. at 679. A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**Federal Rule of Civil Procedure 12(b)(1)**

A court must dismiss an action against any defendant over whom it lacks personal jurisdiction. *See* Fed.R.Civ.P. 12(b)(2). On a Rule 12(b)(2) motion to dismiss for lack of personal

---

[2] Available at http://www.nysd.uscourts.gov/rules/rules-2018-10-29.pdf.

3

jurisdiction, the plaintiff bears the burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over the defendant. *In re Methyl Tertiary Butyl Ether (""MTBE") Prod. Liab. Litig*., 399 F. Supp. 2d 325, 330 (S.D.N.Y. 2005). "Where, as here, a court relies on pleadings and affidavits, rather than a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." *Id*. (quoting *Distefano v. Carozzi N. Am., Inc*., 286 F.3d 81, 84 (2d Cir.2001)). "A plaintiff can make this showing through [its] own affidavits and supporting materials, containing [a] [good faith] averment of facts that, if credited ..., would suffice to establish jurisdiction over the defendant." *Id*. (quoting *Whitaker v. American Telecasting, Inc.,* 261 F.3d 196, 208 (2d Cir.2001)). When the issue is addressed on affidavits, a court must construe all allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. *Id*.

### Personal Jurisdiction Under New York Law

Determining whether a federal court has personal jurisdiction over a defendant is a two-part inquiry. First, a court must evaluate whether jurisdiction is proper under the state's long-arm statute. Second, it must determine whether the exercise of personal jurisdiction comports with the requirements of due process. *Whitaker,* 261 F.3d at 208; *Bensusan Rest. Corp. v. King,* 126 F.3d 25, 27 (2d Cir.1997). A Plaintiff's burden of proof for a jurisdiction-testing motion "varies depending on the procedural posture of the litigation." *Dorchester Fin. Ee., Inc. v. Banco BRJ, S.A.,* 722 F.3d 81, 84 (2d Cir. 2013) At the pleading stage, prior to discovery, a plaintiff need only make a prima facie showing that jurisdiction exists. *Id*. at 84-85; *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167-68 (2d Cir.2015). "Plaintiffs prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant." *Chloe*

4

*v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (citation omitted). Courts may rely on materials outside the pleading in considering a motion to dismiss for lack of personal jurisdiction. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).

## DISCUSSION

Plaintiff first argues that Defendant DeBose's motion is improper because he failed to comply with Civil Local Rule 7.1. (Plaintiff's Memorandum in Opposition, ("Pl. Mem."), ECF No. 24.) Plaintiff next argues that DeBose failed to argue why he is an improper party under Fed.R.Civ.P. 12(b)(6). (*Id*.) Lastly, Plaintiff argues that subject matter jurisdiction is proper under New York's Long-Arm statute and due process requirements. (*Id*.) The Court addresses each argument in turn.

**Local Civil Rule 7.1**

Plaintiff correctly notes that Defendant has not complied with Local Rule 7.1, which requires dispositive motions to be filed along with a notice of motion and supporting affidavits. All that Defendant has submitted is a memorandum, and even that fails to take the form of a proper memorandum, as it lacks a table of authorities as required by Local Rule 7.1(a)(2).

DeBose's failure to comply with the Local Rules of this Court is distasteful and will not be tolerated again during this litigation. It is incumbent on all parties to the suit to comply with the Court's rules. For the purpose of deciding this motion, however, it is not completely debilitating because DeBose does at least provide legal arguments and authority to support his position, which prevents "place[ment] on the court the burden of conducting the initial legal analysis that is properly the responsibility of [ ]counsel." *Burroughs v. Chase Manhattan Bank, N.A.*, No. 01 CIV. 1929 (BSJ), 2004 WL 350728, at *2 (S.D.N.Y. Feb. 25, 2004). Accordingly, in interests of

efficiency and conserving judicial resources, the Court proceeds with its subject matter jurisdiction analysis on the merits.

### Federal Rule of Civil Procedure 12(b)(6)

Plaintiff argues that while Defendant claims that his motion is made in accordance with Federal Rules of Civil Procedure 12(b)(2) and (6), Defendant never discusses the grounds for dismissing the case against him under 12(b)(6). (Pl. Mem. at 8.)

The Court agrees with Plaintiff. Nowhere in his memorandum does DeBose explain why the pleadings are insufficient as against him. On the other hand, Plaintiff raises specific allegations against Defendants DiOrio, Debose, and Greene together throughout the Complaint. The Court agrees. (*See e.g.*, Compl. ¶¶ 5, 8-1, 15-17, 52-62.) Accordingly, the Court deems DeBose's conclusory statement as an abandoned argument.

### Subject Matter Jurisdiction

Plaintiff argues that he has met his burden of establishing personal jurisdiction over DeBose under New York's long arm statute and based on notions of due process. (Pl. Mem. at 10).

*Long-Arm Statute*

The Court begins by analyzing New York's long-arm statute. New York's long-arm statute, CPLR 302(a), provides that:

> [A] court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent: (1) transacts any business within the state or contracts anywhere to supply goods or services in that state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or (3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate commerce…

6

New York Civil Procedure Law ("CPLR") §302(a). Plaintiff argues that DeBose's conduct falls into CPLR 302(a)(1) and CPLR (a)(3).

Under N.Y. CPLR Section 302(a)(l), a defendant is subject to personal jurisdiction if he or she "transacts any business within the state or contracts anywhere to supply goods or services in that state," and the claim against the nondomiciliary arises out of that business activity. *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986).

Here, the Court first finds that Plaintiff has shown that DeBose "transacts business" in New York. The Second Circuit has long taken a broad view as to what it means to "transact business" in New York. In *Madden v. Int'l Ass'n of Heat*, it explained that "a single transaction is sufficient, even if the defendant never enters the state, so long as the defendant's activities [in New York] were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Madden v. Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers*, 889 F. Supp. 707, 710 (S.D.N.Y. 1995) (quoting *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 198–99 (1988)).

Here, Plaintiff's evidence shows that DeBose purposefully communicated with Plaintiff about potential investments through email, text messages, and phone calls. (*See e.g.,* Porco Affidavit, Ex. C, ECF No. 23-3) (business solicitation email sent from DeBose to Porco directly with the sentence "Elliot, this is information on the project and it includes an offer for your consideration.")

The case law supports that such business solicitations, communications, and negotiations constitute "business transactions" and are sufficient to satisfy CPLR Section 302(a)(1). *See e.g., Franklin v. X Gear 101, LLC*, No. 17CIV6452, 2018 WL 3528731, at *7 (S.D.N.Y. July 23, 2018), *report and recommendation adopted*, 2018 WL 4103492 (S.D.N.Y.

7

Aug. 28, 2018) (finding minimum contacts where non-domiciliary corporation sold items to New York customers online); *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 171 (2d Cir. 2010) (same); *Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, No. 15-CV-06478, 2016 WL 7451306 (S.D.N.Y. Dec. 27, 2016) (finding minimum contacts where defendants marketed and sold their products nationwide through websites and directly solicited New York customers via email."); *Pearson Educ., Inc. v. Kumar*, 721 F. Supp. 2d 166, 184 (S.D.N.Y. 2010) (defendant purposefully availed himself of "privilege[ ] of ... conducting sales to residents of New York"); *Licci Ex Rel. Licci v. Leganese Canadian Bank, Sal,* 732 F.3d 161 (2013) (finding that a foreign bank's maintenance of a correspondent bank account in New York, and use of that account to effect "dozens" of wire transfers on behalf of a foreign client constituted a "transaction" of business in New York); N.Y. C.P.L.R. 302 (a)(1) ("a court may establish personal jurisdiction over any non-domiciliary … who in person or through an agent … transacts any business within the state or contract anywhere to supply goods or services in the state.").

Based on Plaintiff's low burden of proof for establishing subject matter jurisdiction at the pre-discovery pleading stage and the solicitations DeBose sent to Plaintiff, including an email, with an investment offer entitled "Project Information and Offer," the Court finds that Plaintiff has satisfied the first prong of New York's long-arm statute—that DeBose engaged in a "business transaction" in New York.

As far as whether Plaintiff's claim *arises out of* the business transaction, the Court finds that it plainly does. Plaintiff's first cause of action is under RICO and alleges that Defendants, including DeBose, consistently operated together "to develop real estate and manage carious construction projects." (Compl. ¶ 59.) It also states that "Defendants have clearly all worked in consortium from 2014 until 2017 to obtain monies from Plaintiffs by

falsely representing that Plaintiffs would be receiving equity stakes and profits…" (*Id*. ¶ 60.) Thus, Plaintiff's main grievance arises directly out of the allegedly fraudulently induced projects about which DeBose emailed Plaintiff. As the Court finds this sufficient to confer personal matter jurisdiction on DeBose, it need not assess whether there is separately sufficient personal jurisdiction under CPLR 302(a)(3).

*Due Process*

Plaintiff's last requirement for establishing personal jurisdiction is ensuring that conferring personal jurisdiction on DeBose would not violate due process. The first prong of the due process inquiry requires finding that the defendant has "certain minimum contacts" with the forum. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 305 F.3d 120, 124 (2d Cir. 2002). The Second Circuit has found that minimum contacts necessary to support jurisdiction exist "where the defendant 'purposefully availed itself of the privilege of doing business' in the forum and could foresee being haled into court there." *Id*; *Licci Ex Rel. Licci v. Leganese Canadian Bank, Sal,* 732 F.3d 161 (2013).

Here, Plaintiff has established minimum contacts the same way that Plaintiff showed that DeBose engaged in business transactions in New York. DeBose's communications with Plaintiff reflects that he purposefully solicited investment from New York persons for his own financial gain. *Id.* (explaining that assessing whether an entity has purposefully availed itself of the New York forum is a fact-intensive inquiry that requires the trial court to closely examine the defendant's contacts for their quality and deliberateness.) Here, the Court finds that DeBose's deliberately emailing New York individual customers invites the reasonable expectation of him being haled to litigate business issues in state.

The Second Circuit next requires the Court to assess whether it would be "reasonable" for the Court to exert personal jurisdiction over the non-domiciled defendant based on a totality of factors. *Bank Brussels*, 305 F.3d at 124; *Chloe,* 616 F.3d at 164 (explaining how such factors generally include: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies") (citing *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113–14, 107 S.Ct. 1026 (1987)).

Plaintiff argues that while DeBose is in Florida, the burden of jurisdiction is "not so great as to render this forum unreasonable." (Pl. Mem. at 16.) Plaintiff therefore argues that exercising personal jurisdiction will not offend principles of fair play and substantial justice.

The Court agrees with Plaintiff. In *Chloe*, the Second Circuit explained:

> While the exercise of jurisdiction is favored where the plaintiff has made a threshold showing of minimum contacts at the first stage of the inquiry, it may be defeated where the defendant presents "a compelling case that the presence of some other considerations would render jurisdiction unreasonable."

616 F.3d at 165 (citation omitted).

Here, Plaintiff established DeBose's minimum contacts, and DeBose has not come up with a compelling reason why it would be unjust to make him litigate in the same forum from which he purposefully profits. Courts rarely find it unreasonable to compel personal jurisdiction when a business enjoys the fruits of a particular forum. *See Licci,* 732 F.3d at 170 ("It would be unusual, indeed, if a defendant transacted business in New York and the claim asserted arose from that business activity within the meaning of section 302(a)(1), and yet, in connection with the same transaction of business, the defendant cannot be found to have 'purposefully availed itself of the

privilege of doing business in the forum and to have been able to foresee being haled into court there.'"). This Court sees nothing extenuating about Defendant's circumstances that would prevent him from defending the claims against him in New York.

Accordingly, Debose's Motion to Dismiss the claims against himself on grounds of improper personal jurisdiction are denied.

## CONCLUSION

For the foregoing reasons, the Defendant DeBose's Motion to Dismiss is DENIED. DeBose is instructed to answer on or before June 11, 2019. The Clerk of Court is respectfully requested to terminate the pending Motion, (ECF No. 22), mail copies of this Opinion to all *pro se* Defendants and show proof of services on the docket. The Clerk of the Court is also respectfully directed to correct the spelling of Frank DeBose's name on the docket.

The parties are directed to confer and submit a completed Scheduling Order (blank form attached) to chambers by July 11, 2019.

Dated: May 21, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  

Rev. Jan. 2012

------------------------------------------------------------x

                                                Plaintiff(s),        **CIVIL CASE DISCOVERY PLAN**  
                                                                            **AND SCHEDULING ORDER**  
     - against -

                                        Defendant(s).        _____ CV _____ (NSR)

------------------------------------------------------------x

       This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by _____.

4. Amended pleadings may be filed until _____.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

   a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

   b. Depositions shall proceed concurrently.

   c. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

Case 7:18-cv-05938-NSR   Document 26   Filed 05/21/19   Page 13 of 13

9.  Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: White Plains, New York

_____

Nelson S. Román, U.S. District Judge